UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL REAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-cv-686-TAV-CCS |
| | ) |
| SHERIFF J.J. JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Acting *pro se*, Michael Reagan filed this complaint pursuant to 42 U.S.C. § 1983. Now before the Court is a Renewed Motion to Dismiss, brought by Sheriff J.J. Jones and Officer Kidd, the last two remaining defendants [Doc. 34].[1]

**I.    STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if a complaint fails to state a claim for relief. To survive such a motion, the pleading "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted); *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

In ruling on a defendant's motion to dismiss, the district court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of a plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

---

[1] Defendants' first motion to dismiss for insufficient service was denied without prejudice and, after they were served with process, defendants renewed their motion [Docs. 12-15, 20-21, 34].

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility means that the factual content pled by a plaintiff permits a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

In determining whether the complaint fails to state a claim for relief, the pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, a plaintiff is entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [a court] to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff contends that he wears size thirteen shoes and was issued size fifteen shoes, which were ripped across the front [Doc. 2]. He alleges that Officer Kidd told him that the "only time [his] fat [*]ss [was] walking back up there unless [sic] it's to eat or smoke or leave and [his] fat *ss just got back from doing eating and smoking gess [sic] your [sic] SOL;" that plaintiff told him he needed new shoes; and that Officer Kidd made a crying sound and kept walking [*Id*.]. Plaintiff further alleges that he asked several officers, including Officer Kidd, for new shoes and that, as a result of too-large shoes and the neglect, negligence, and dereliction of duty of Officer Kidd, plaintiff fell down twenty steel steps [*Id*. p. 4].

Plaintiff further alleges that he wrote to every chief and to Defendant Sheriff J.J. Jones and that he did not hear back from them [*Id*. p. 5]. For the alleged constitutional violations asserted above, Plaintiff asks for damages to compensate him for his pain and suffering [*Id*. p.6].

## III. DISCUSSION

The basis of Defendants' motion is that Plaintiff has failed to state a claim against either Defendant because neither negligence nor supervisory liability are viable legal theories in a § 1983 action.

Citing to *Daniels v. Williams*, 474 U.S. 327 (1986), and *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991), the Court previously held that Plaintiff's contentions that officers did not remedy Plaintiff's request for new shoes amounted, at most, to negligence and that allegations of negligence do not state a claim upon which relief can be granted [Doc. 32 p.4]. Here too, the allegations that Officer Kidd did not respond to Plaintiff's request for replacement shoes likewise sound in negligence and do not evince the requisite state of mind of deliberate indifference which is required to make out an Eighth Amendment claim. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Plaintiff therefore has failed to state an Eighth Amendment claim for unconstitutional conditions of confinement against Officer Kidd.

Plaintiff's only assertion against Sheriff J.J. Jones is that he failed to respond to Plaintiff's letter to him concerning the size of Plaintiff's jail-issued shoes. To the extent that Plaintiff is suing Defendant Jones because he sees the Sheriff as being ultimately responsible for operating the jail within constitutional bounds, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). Yet, a supervisor who has implicitly authorized, approved, or knowingly acquiesced in the alleged wrongdoing of any of his subordinates can be

held liable for his own personal wrongdoing. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989).

Still, a supervisor cannot be held liable for a mere failure to act. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *see also Burks v Raemisch*, 555 F3d. 592, 596 (7th Cir. 2005) ("[Plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."); *Walker v. Pataro*, No. 99CIV.4607(GBD)(AJP), 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002) ("Thus, if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability."); *Woods v. Sterling*, No. 3:08 CV 1948, 2009 WL 916486, at *2 (N.D. Ohio Apr. 1, 2009) (state prison officials' failure to respond to inmate's letters fails to state a viable claim). That is all that is alleged here, i.e., that the Sheriff failed to respond to Plaintiff's letters of complaint and to act to remedy Plaintiff's shoe problem.

As Plaintiff does not allege that Defendant Jones authorized any unconstitutional conduct on the part of any subordinate, there is nothing from which to conclude that this Defendant condoned any wrongful behavior. *See e.g., Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th

4

Cir.1995) ("The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability.").

Plaintiff likewise fails to state a claim against Defendant Jones.

## IV. CONCLUSION

Based on the above discussion, the Court **FINDS** that Plaintiff has failed to state § 1983 claims against Defendants Kidd and Jones. Therefore, Defendants' Renewed Motion to Dismiss [Doc. 34] will be **GRANTED**, and this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A. All pending motions [Docs. 30-31] will be **DENIED** as **MOOT**.

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE